NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD BRUCE, | : | |
| | : | |
| Plaintiff, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, | : | Civil Action No. 09-cv-4211 (DMC)(JAD) |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Defendant The Port Authority of New York and New Jersey ("Port Authority" or "Defendant") for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 against Plaintiff Edward Bruce ("Plaintiff"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering all submissions and based upon the following reasons, it is the decision of this Court, for the reasons herein expressed, that Defendant's motion for summary judgment is **granted**.

I.  **BACKGROUND**[1]

On December 17th, 2007, Plaintiff was hired by the Port Authority as a Senior Manager for Security Operations and Planning. (Compl. 2, August 18, 2009, ECF No. 1). Defendant characterizes Plaintiff's employment as at-will and probationary. (Def.'s Mot. for Summ. J. 1, March 28, 2011, ECF No. 28). Plaintiff denies both characterizations. (Pl.'s Resp. to Uncontested Facts ¶6;

---

[1] These facts have been taken from the parties' respective submissions to this Court unless otherwise noted.

1

and ¶28).  Plaintiff has not produced evidence of an employment contract, though he denies that a contract was not received and that his position is subject to the Port Authority's Tenure of Office Resolution which provides that managerial employees may be removed by the Executive Director for any established cause or reason.  (Pl.'s Resp ¶6).

     Plaintiff began employment on December 17th, 2007 and was terminated on December 29th, 2008.  (Def.'s Mot. for Summ. J. 3; Pl.'s Resp. ¶31).  Defendant's probationary period is normally the first twelve months of service.  (Def.'s Mot. for Summ. J. 3).  The probationary period may be extended due to absences or other unacceptable conduct.  Id.  Plaintiff took fifteen sick days, in addition to using all of his allotted vacation and personal days, totaling more than thirty days of absence during his period of employment.  (Def.'s Reply 6; Finucane Cert. Ex. D, at 78:15-79:4; Ex. I and Ex P).  Defendant argues that these absences extended the probationary period.  (Def.'s Mot. for Summ. J. 3).

     Defendant further argues that Plaintiff's termination was due to a few inappropriate discussions with superiors and his excessive absences.  (Def.'s Reply 2-3).  Defendant described the discussions as, at certain points, "heated."  (Def.'s Reply 3).  As Plaintiff construes the matter, the most significant event involved Defendant's failure to timely implement remedial counter-terrorism measures, which he deeply believed were necessary based on threats he identified during the course of his employment.  (Pl.'s Resp. ¶12; see also, Pl.'s Br. in Resp. 3, March 21, 2011, ECF No. 27-3).  Plaintiff had found information regarding "threatened credible terrorist attacks including, but not limited to, The Port Authority Trans-Hudson underriver [sic.] tunnels."  (Pl.'s Resp. ¶11).  Plaintiff presented this information at a briefing in March 2008 but was "passively ignored and/or actively rejected" with what he interpreted as a reckless disregard for the "significant risk."  (Pl.'s Resp. ¶12).  Nonetheless, Plaintiff characterizes any behavioral incidents during the period of employment as

2

"minor" and recalls "very few," as opposed to "numerous," issues with his supervisory staff. (Pl.'s Resp. ¶16-8).

Plaintiff states that he was denied health insurance benefits by Defendant. Defendant counters that Plaintiff chose not to take coverage under the Consolidated Omnibus Reconciliation Act ("COBRA") when it was initially offered, but later elected to participate in coverage when the opportunity was extended again under the American Recovery and Reinvestment Act of 2009 ("ARRA"). (Def.'s Mot. for Summ. J. 6). Defendant explains that the Bureau of Benefits, an entity separate from the Port Authority, then initially determined that Plaintiff was not entitled to unemployment compensation, but that ultimately Plaintiff received all compensation due and owing. (Pl.'s Resp. ¶40-48; Def.'s Mot. for Summ. J. 6). Plaintiff does not dispute this, as he states in his Brief in Response that he was merely "initially denied" COBRA benefits. (Pl.'s Br. in Resp. 3).

## II.    STANDARD OF REVIEW

It is well established that this Court is to review the facts in the light most favorable to the Plaintiff. Marzano v. Computer Sci. Corp. Inc., 91 F.3d 497, 501 (3d Cir.1996); see also, Dowling v. Citizens Bank, 295 Fed.Appx. 499 (3d Cir. 2008). Summary judgment is appropriate where there are no genuine and material issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (2008). A factual dispute is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. Fed. R. Civ. P. 56(e) (2010); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III.   DISCUSSION

Plaintiff, in his reply brief, identifies three issues of material fact specifically which, he

3

argues, must be resolved by a jury.  The issues identified by Plaintiff include Plaintiff's probationary status along with whether he was employed at will.  Also, the nature of Plaintiff's behavior at work and whether that behavior was a substantial factor in motivating termination.  Finally, whether Plaintiff was initially wrongfully denied COBRA benefits.  These, and all other issues raised by Plaintiff, fail to rise to the level of genuine issues of material fact to defeat Defendant's motion for summary judgment.

A civil action for deprivation of rights under 42 U.S.C. § 1983 is appropriate where: (1) Plaintiff has been deprived of an individual interest encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; and, (2) the procedures available to him did not provide 'due process of law.'"  Hill v. Bor. of Kutztown, 455 F.3d 225, 233-4 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).  The Third Circuit has specifically held that public employment is not a fundamental interest under the Constitution and therefore cannot underlie a substantive due process claim.  Nicholas v. Pa. State Univ., 227 F.3d 133, 140 (3d Cir. 2000).

This Court is persuaded that Plaintiff was hired at will and that termination is not wrongful regardless of want, if any, of probationary status.  Plaintiff denies that he did not receive an employment contract in his Response to Defendant's Statement of Uncontested Facts, however, Plaintiff fails to provide evidence of an employment contract.  (See Pl.'s Counter-Statement of Uncontested Material Facts).  Defendant's showing that Plaintiff's position was subject to the Port Authority's Tenure of Office Resolution, which provides, in relevant part, that "managerial employees" may be removed by the Executive Director for "any [established] cause or reason," added to the fact that no contract has been produced, persuades the Court that Plaintiff's employment was not based in contract.  (Finucane Cert. Ex. B, at 2).  The question of wrongful termination turns on the nature of the Plaintiff's behavior and whether the substantial factor motivating termination

violates Plaintiff's rights under 42 U.S.C. § 1983 (1996).  Plaintiff does not dispute that he took issue with Defendant's response to his presentation of information regarding a specified threat.  Neither was Plaintiff able to deny that at least a few altercations with superiors or "heated" moments had occurred during his term of employment.  See, e.g., Pl.'s Resp. ¶20-23.  Further, Plaintiff does not specifically dispute evidence of his absences from work.  Plaintiff took fifteen sick days, in addition to using all of his allotted vacation and personal days, totaling more than thirty days of absence during his period of employment.  (Finucane Cert. Ex. D, at 78:15-79:4; and Ex P).  It is clear from the pleadings that these incidents and Plaintiff's attendance record substantially motivated termination of Plaintiff's employment.

Moreover, this Court finds that Plaintiff has no property right in his employment for due process purposes.  Defendant correctly points to the Nicholas case where the Third Circuit held "public employment" to encompass a professor position at a state university.[2]  This Court finds the instant situation to be analogous.  Defendant presents compelling evidence that Plaintiff was absent excessively during a term of employment that technically spanned from December 17th, 2007 to December 29th, 2008.  (Finucane Cert. Ex. D, at 78:15-79:4; and Ex P).  Plaintiff does not fall within the union exception to this rule which might otherwise offer protection of his position under contract, collective bargaining agreement, civil service tenure or a fixed term.  Siss v. Cnty. of Passaic, 75 F.Supp.2d 325, 341 (D.N.J. 1999).  Plaintiff's absences totaling over thirty days coupled with Defendant's compelling arguments as to his probationary status and the failure of Plaintiff to show that his employment constitutes a property right protected under the

---

[2]Additionally, the Third Circuit affirmed a District Court decision to preclude recovery of punitive damages from Defendant reasoned upon Defendant's status as a "hybrid entity with substantial connections to the government."  King v. The Port Auth. of N.Y. and N.J., 909 F.Supp. 938 (D.N.J. 1995), aff'd, 106 F.3d 385 (3d Cir. 1996).

Fourteenth Amendment, leave this Court with no genuine issues of material fact to present to a jury. The factual disputes presented by Plaintiff do not rise to the level of material issues.

Plaintiff's arguments regarding an initial denial of COBRA payments similarly do not rise to the level of material issues that preclude summary judgment. Defendant explains that an entity apart from the Port Authority itself initially denied COBRA benefits and that Defendant, once informed, assisted Plaintiff in obtaining benefits which were, in fact, eventually received by Plaintiff. (Def.'s Mot. for Summ. J. 3; Pl.'s Br. in Resp. 3; Pl.'s Resp. ¶40-48).

Further, Plaintiff's plea for damages under § 1983 can not be substantiated here. Firstly, Plaintiff fails to establish grounds for relief in damages stemming from termination of his employment because his rights under § 1983 were not violated here. Defendant is absolved of liability for punitive damages pursuant to the Third Circuit's decision in King, supra note 2. Finally, Plaintiff does not raise disputed facts that affect issues material to the outcome of this case that preclude this Court's entry of summary judgment in favor of Defendant.

IV.   CONCLUSION

Defendant's motion for summary judgment is **granted**.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        October  20 , 2011
Original:    Clerk
cc:          All Counsel of Record
             Hon. J.A. Dickson, U.S.M.J.
             File